CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

NOV 17 2006

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| MARCUS ANTONIO VEST, ) | |
| Plaintiff, ) | Civil Action No. 7:06CV00661 |
| ) | |
| v. ) | MEMORANDUM OPINION |
| ) | |
| CHRIS HUGHES, et al., ) | By: Hon. Glen E. Conrad |
| Defendants. ) | United States District Judge |

Plaintiff Marcus Antonio Vest, a Virginia inmate proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983. Having reviewed the complaint, the court concludes that Vest has failed to state a claim upon which relief may be granted. Therefore, the court will dismiss the complaint without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1).*

## Background

Vest is presently incarcerated at the Albemarle-Charlottesville Regional Jail. On July 26, 2006, Vest was assaulted by two federal inmates, Chris Hughes and Lorenzo Louderback. Vest alleges that Hughes punched him in the face during "chow time," and that Louderback hit him in the back of his head. Grievances submitted by Vest indicate that he was examined following the incident. Additionally, Vest was moved to a different area of the jail.

Vest filed the present action on November 7, 2006. He names Hughes, Louderback, and Colonel Ronald Matthews as defendants. Vest alleges that Matthews and his staff have insulted, ridiculed, and harassed him since the incident, and that they are still housing him near federal inmates.

---

*Section 1915A(b)(1) provides that the court shall dismiss a complaint as soon as practicable if the court determines that it is frivolous, malicious, or fails state a claim upon which relief may be granted.

## Discussion

In order to state a claim under § 1983, a plaintiff must allege facts sufficient to establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that such deprivation is a result of conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). Having reviewed Vest's allegations, the court concludes that he has failed to state a claim against any of the named defendants.

1. Chris Hughes and Lorenzo Louderback

Hughes and Louderback, the inmates who allegedly assaulted Vest, are private citizens, not state actors. Purely private conduct, "no matter how discriminatory or wrongful," is not actionable under § 1983. Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (U.S. 1999) (internal quotations omitted). Private action may give rise to liability under § 1983 only when the challenged conduct is "fairly attributable to the state." Arlosoroff v. National Collegiate Athletic Ass'n, 746 F.2d 1019, 1021 (4th Cir. 1984). Because Vest fails to allege any facts which, if proven, would satisfy the state action requirement, his claims against Hughes and Louderback must be dismissed.

2. Colonel Ronald Matthews

Vest alleges that Colonel Matthews and his staff have insulted, ridiculed, and harassed him since the July 26, 2006 incident. While the court does not condone such misconduct, verbal abuse and harassment by jail employees, without more, does not state a constitutional claim. See Collins v. Cundy, 603 F.2d 825, 827 (10th Cir. 1979) (holding that the Sheriff's actions in laughing at and threatening to hang the plaintiff were not sufficient to show the deprivation of a constitutional right); Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (holding that an officer's use of an obscene name was not actionable under § 1983); Keyes v. City of Albany, 594 F. Supp. 1147, 1155

2

(N. D. N.Y. 1984) (holding that "the use of vile and abusive language [including racial epithets], no matter how abhorrent or reprehensible, cannot form the basis for a 1983 claim.").

Vest also complains that although he was moved to a different area of the jail following the incident, he is still housed near federal inmates. To the extent this allegation can be construed as a failure to protect claim under the Eighth Amendment, the claim is without merit. In order to state such a claim, an inmate must allege facts sufficient to show that jail officials have acted with deliberate indifference to a substantial risk of serious harm. Farmer v. Brennan, 511 U.S. 825, 834-837 (1994). The mere fact that Vest was previously assaulted by Hughes and Louderback is insufficient to establish that his exposure to other federal inmates poses an excessive risk to his health or safety. Vest does not allege that he has suffered any adverse effects from being housed near federal inmates since the July 26, 2006 incident, or that any of the neighboring inmates have a propensity for violence or aggression. Thus, because there is no indication that Colonel Matthews has reason to be aware of a substantial risk of serious harm, Vest's failure to protect claim must be dismissed.

## Conclusion

For the reasons stated, the court will dismiss Vest's complaint without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1). The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to Vest and counsel of record for the defendants, if known.

**ENTER:** This 17th day of November, 2006.

*/s/ John Conrad*
United States District Judge

3